## Carl Malcom Duesterberg v. State

No. 31,377. March 9, 1960

*Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for the felony offense of driving while intoxicated; the punishment, 60 days in jail and a fine of $250.

The indictment alleged the felony offense of driving a motor vehicle upon a public highway while intoxicated after a prior conviction in County Court at Law No. 2 of Harris County for the misdemeanor offense of driving while intoxicated.

The record contains no statement of facts.

After introducing evidence sufficient to support the allegation of the indictment that appellant while intoxicated drove an automobile upon a public highway in Harris County on or about the 11th day of November, 1957, the state rested without offering any evidence to sustain the allegation that appellant had been previously convicted of the misdemeanor offense of driving while intoxicated.

Counsel for appellant immediately announced that the defendant would present no evidence and rested.

The trial judge then announced that the case would be submitted to the jury as a first offense of driving while intoxicated, and retired the jury.

Several minutes later the trial judge returned to the bench and, over strenuous objection of appellant, granted the motion of the assistant district attorney and allowed the case to be reopened.

Further evidence was then offered by the state establishing the prior conviction. The felony offense was then submitted to the jury and resulted in the conviction from which this appeal is prosecuted.

There is no merit in the contention that the court acquitted appellant of the felony offense of driving while intoxicated by his announcement or ruling, or that the proceedings mentioned show that appellant has been the victim of double jeopardy.

We think rather that the trial judge was correct in permitting the state to introduce additional evidence, and that Art. 643 V.A.C.C.P. authorized such ruling.

The judgment is affirmed.